IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TERRENCE WATSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 06-3349-CV-S-RED-H |
| ) | |
| JOSEPH E. GUNJA, Warden, ) | |
| United States Medical Center, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has stated a cognizable claim, it will be recommended that leave to proceed in forma pauperis be granted.

As grounds for relief in habeas corpus, petitioner alleges that his due process rights have been violated because the sanctions he received by the disciplinary hearing officer ["DHO"] at FPC-Duluth were too harsh for the charges with which he was charged. He contends that 40 days of good time credit were wrongfully taken away from him, and that the sanctions did not comply with the Bureau of Prison's ["BOP"] discipline policy. It is petitioner's contention that he should not have been found guilty of "Possession of Anything not Authorized," for his possession of an MP3 player; that in arriving at its verdict, the DHO did not use all available evidence; and that the case should not be dismissed based on the record before the Court because there are material facts in dispute. Petitioner requests that respondent should be ordered to address his claim that BOP officials and the

DHO wrongfully took 40 days of good time credit from him.

Respondent asserts that, under the standard enunciated in <u>Superintendent, M.C.I. Walpole v. Hill,</u> 472 U.S. 445 (1985), due process requirements are satisfied if some evidence supports the decision of the committee. Respondent contends that the standard was met in this case because "there was some evidence that [petitioner] was guilty of Conduct Which Disrupts or Interferes with the Orderly Running of the Institution, Code 199, Most Like, Possession of a Hazardous Tool, Code 108, and Possession of Anything Not Authorized, Code 305." [Response, 3-4]. It is further asserted that petitioner's argument that the punishment he received was too harsh and not authorized by BOP regulations must fail because the sanctions imposed were specifically provided for within 28 C.F.R. § 541.13, Table 3.

Having fully reviewed the record, the Court finds that the standard set forth in <u>Hill</u> has not been met in this case. The law requires, in a prison disciplinary hearing, that the findings of the hearing officer must be supported by "some evidence" in the record. <u>Id.</u> at 455-56. Determining whether this standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Id.</u>; <u>See also</u> <u>Louis v. Department of Correctional Servs. of Nebraska</u>, 437 F.3d 697, 701 (8th Cir.2006). Federal courts cannot retry every prison disciplinary dispute; rather the court may act only where the actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion. <u>Smith v. Rabalais,</u> 59 F.2d 539, 543 (5th Cir. 1981), <u>cert. denied,</u> 455 U.S. 992 (1982).

While petitioner was confined at FPC-Duluth, he received a disciplinary report because correctional staff members found a Creative Nomad MP3 Player, 40 unknown pills, and an

unknown powdered substance in his locker. Petitioner subsequently received a disciplinary report for Conduct Which Disrupts or Interferes with the Orderly Running of the Institution, Code 199, Most Like, Possession of a Hazardous Tool, Code 108, and Possession of Anything Not Authorized, Code 305. The DHO officer found that petitioner was guilty of possessing a body building supplement, Creatin, and a recording device. Petitioner disavowed knowledge of the recording device, which the DHO considered "to directly affect the security and good running of the institution." [Respondent's Exhibit 2]. He was disallowed 40 days of good conduct time, received 45 days of disciplinary segregation and a disciplinary transfer was recommended for the violation of Code 199(108). The DHO further stated that "[d]isrupting the orderly running of the institution by possessing an unauthorized communication devices [sic] directly presents a security risk and can lead to additional misconduct concerns." [Exhibit 2].

After careful review, the Court finds that there is simply insufficient evidence in this case to meet the "some evidence" standard, albeit low, because there does not appear to be any evidence to suggest that petitioner's possession of an MP-3 player was a "greatest category" violation. See Hill, 472 U.S. at 457. The DHO likened his offense to Possession of a Hazardous Tool, Code 108. According to the Code of Federal Regulations, "Possession, manufacture, or introduction of a hazardous tool" includes "(Tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade)." 28 C.F.R. § 541.13. Additionally, Code 199 covers "[c]onduct which disrupts or interferes with the security or orderly running of the institution or the Bureau of Prisons. (Conduct must be of the Greatest Severity nature.) This charge is to be used only when another charge of greatest severity is not applicable." Id.

Mindful that the Court's scope of review in a habeas corpus proceeding contesting an institution disciplinary committee finding of guilt is narrow, the Court has the discretion to determine if the committee's actions were arbitrary, capricious, or an abuse of discretion. In this case, the Court finds that the BOP abused its discretion in categorizing the possession of the MP3 player as a violation of Code 199, Most Like, Possession of a Hazardous Tool, Code 108.

Accordingly, the Court finds that petitioner has stated a claim for a constitutional violation on this issue. It must therefore be recommended that the petition herein for a writ of habeas corpus be granted and that the BOP be directed to adjust the sanctions against petitioner in accordance with this opinion.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner granted leave to proceed in forma pauperis and that the petition herein for a writ of habeas corpus be granted; it is further

RECOMMENDED that the BOP be directed to adjust the sanctions against petitioner in accordance with this opinion.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: 06/25/07